**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4529

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDOLPH HUNT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. H. Brent McKnight, District Judge. (CR-02-199)

Submitted: October 19, 2005          Decided: November 14, 2005

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Jennifer M. Hoefling, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randolph Hunt appeals the district court's judgment entered pursuant to his guilty plea for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). Hunt's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Hunt filed a pro se supplemental brief, claiming the district court committed sentencing error under United States v. Booker, 125 S. Ct. 738, 764-68 (2005). Finding no reversible error, we affirm.

Hunt claims that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts he admitted to in his plea agreement. Because Hunt failed to raise this claim below, we must review it for plain error. United States v. Hughes, 401 F.3d 546, 547 (4th Cir. 2005). Hunt claims that the district court only had evidence of 148 grams of cocaine base and that it erred when it sentenced him using a drug quantity of over 1.5 kilograms of cocaine base. However, in his plea agreement, Hunt agreed that the amount of cocaine base attributable to him was in excess of 1.5 kilograms. No Booker error existed because Hunt admitted to the amount of drugs used in calculating his sentence.

Hunt also claims the district court erred by enhancing his sentence two offense levels for use of a dangerous weapon under

U.S. Sentencing Guidelines Manual § 2D1.1(a)(3) (2004). However, to constitute Sixth Amendment error, the sentence imposed must have exceeded what could have been imposed without the challenged enhancement. United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). Absent the enhancement, Hunt's base offense level of thirty-eight[*] and criminal history category of VI result in a sentencing range of 360 months' to life imprisonment, the same sentencing range the district court applied. Hunt's sentence of 360 months' imprisonment fell within that range. Because Hunt's sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty, no Sixth Amendment violation occurred and the district court did not commit plain error. See Evans, 416 F.3d at 298.

Finally, Hunt claims his trial counsel was ineffective in negotiating his plea agreement. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Hunt has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

---

[*]As in Evans, for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Hunt is compared against the guideline range he should have received, based on a jury verdict or admitted conduct, excluding the adjustment for acceptance of responsibility. Id. at 300 n.4.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Hunt's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>